Cane Belt Railroad Company v. Woodford and Lizzie Hughes.

Decided March 9, 1903. .

**1.—Eminent Domain—Railroads.**

The discretion of a railway company as to the land it may select for right of way and depot grounds is absolute, and where, in condemnation proceedings, the sole issue is the market value of the property, evidence that the company owned other adjacent property equally as suitable for the purpose was not admissible.

**2.—Same—Market Value—Homestead.**

Where the land sought to be condemned for depot purposes is shown to have a market value, evidence was not admissible to show that it was the homestead of the owner, and had been for years, and for that reason had a peculiar value to him.

Appeal from the County Court of Matagorda. Tried below before Hon. Jesse Matthews.

*C. E. Lane* and *E. F. Higgins,* for appellant.

*Gaines & Holland,* for appellees.

GILL, Associate Justice.—This proceeding was instituted by appellant against the appellees to condemn for depot purposes lot No. 3 and the west half of lot No. 2 in block 7, of the town of Matagorda, in Matagorda County, Texas. On a hearing before commissioners appointed for the purpose, appellees were awarded damages in the sum of $500. On appeal by them to the county court they recovered $825 and were awarded the right to remove their improvements. From this judgment the railway company has appealed to this court, and as cause for reversal has assigned errors on the admission of testimony, the amount of the judgment, and the verdict awarding the right to remove the improvements.

Over the objection of the company the court admitted testimony to the effect that the company owned other property adjacent, which was equally suitable for depot purposes as the property condemned, and this is assailed as error. The evidence adduced did not present the issue of the right to condemn. That was shown beyond dispute, and the court so holding did not submit the issue to the jury. The evidence complained of could not have lawfully affected the issue, for it is well settled that as to what land a railway company may select for its right of way and depot grounds the discretion of the company is absolute, and will not be revised by the courts. In the proper construction of railways and their necessary appurtenances the public have a large interest, and for this reason the power of eminent domain is conferred.

If different courts and juries were allowed to pass on the necessity or advisability of condemning each tract out of the many which go to make up a right of way for a railway line, straight courses from point to

point, with the consequent lessening of mileage would in many, if not all, cases be impossible to secure. So in the case of depot grounds. One jury might hold, on competent evidence, that the land in question was not necessary to the purposes of the railroad. Another might render a like verdict as to any other tract sought to be subjected to its uses, and by such a course the company could be excluded altogether. So the rule is that the company having shown its corporate existence and a purpose to use the land for corporate purposes, may have its decree of condemnation, subject to the payment of the market value of the property taken, and the incidental damages when less than the whole tract is taken.

In this case the whole of defendant's holdings are condemned, and the sole issue for the jury to determine was the market value of the property. The evidence complained of could have no legal bearing upon that issue, and so was in no respect material. It could serve only to prejudice the jury on the issue of damages by leading them to believe that the discretion of the agents of appellant in selecting this lot for their uses was capriciously or vindictively exercised.

The court erred also in permitting Woodford Hughes to testify that the place was the homestead of himself and wife; had been such for many years, and for that reason had a peculiar value to him. The place was shown to have a market value capable of ascertainment, and its sentimental value as an old homestead was not an element proper for the consideration of the jury. The right thus to forcefully appropriate an old homestead surrounded, doubtless, by hallowed memories and associations is a hard doctrine, and one against which the ordinary mind naturally rebels as an outrage upon private right, but it is none the less the law, and is founded upon public necessity. The measure of the citizen's damage when his rights are thus invaded is fixed and determined by law on the basis of value, and all elements of sentiment are excluded.

The verdict of the jury on the issue of value is not beyond criticism, in view of the testimony properly admitted, and when to this is added the further feature of the verdict awarding to defendants their improvements, which had neither been prayed for in the pleadings nor submitted as an issue by the trial judge, it becomes manifest that the improper testimony had its effect, and that the effort of the trial judge to withdraw it by charges was unavailing. The judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*