Newport Levee District *v.* Price.

Opinion delivered March 28, 1921.

1. Eminent domain—Evidence of sentimental value.—In an action aginst a levee district for damages for land taken for right-of-way, it was error to admit evidence tending to establish a sentimental value of the property taken on account of being bought and improved for a home.

2. Appeal and error—Harmless error.—The error of admitting evidence tending to establish a sentimental value of property taken by a levee district for its right-of-way was not prejudicial where it was, in effect, eliminated by an instruction given by the court upon the measure of damages.

3. Eminent domain—Evidence.—In an action by the owner of land taken by a levee district for levee purposes, where plaintiff testified that he paid a certain amount for the entire tract of land, it was error not to permit the levee district to show when plaintiff purchased the land.

4. Appeal and error—Harmless error—Exclusion of evidence.— In a suit against a levee district to recover damages for appropriation of a strip of land under the right of eminent domain, error of the court in refusing to allow the district to show when plaintiff purchased the land at a designated price was harmless where it was clearly inferable from the testimony that the land was purchased about three years previously.

5. Eminent domain — Damages for appropriation of land.—The measure of damages for land appropriated for levee purposes, is the difference between the value of the whole land before the taking and the value of the remainder after the taking; and in a landowner's action for damages for right-of-way taken it was not error to refuse to permit the levee district to show the market value of a barn appropriated, as distinct from the land.

6. Eminent domain—Damages caused by independent contractor. —A levee district, authorized to appropriate private premises for levee purposes, can not escape liability for injuries to a house moved by an independent contractor, upon the ground that the contractor assumed all obligations for damages resulting on account thereof.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*John W. & Joseph M. Stayton,* for appellants.

1. It is clear, from the evidence, that the property possessed a sentimental value in the eyes of the appellee. He testified that he did not want to sell it at all; that he bought it for his home and his own use. The court erred in permitting such evidence to be considered by the jury, as it was highly prejudicial to the rights of appellants.

2. It was error to refuse to permit appellants to show what appellee had paid for the whole ten acres originally, a part of which was taken by appellants. It was error to exclude such eveidence, as it was pertinent and comepetent for a jury to consider. 42 Ark. 265.

3. It was error to refuse to permit appellee to be interrogated as to his idea of the fair market value of the barn located on the land at the time it was taken. 88 Ark. 129.

4. It was plainly error for the court to refuse to give instruction No. 1 asked by appellants. Sea was an independent contractor; he was liable and not appellants. 111 Ark. 94; 212 U. S. 215.

*Gustave Jones* and *G. A. Hillhouse,* for appellee.

The verdict in view of the testimony is not excessive. Appellee had built him a home, well improved, comfortable and convenient. No evidence of passion or prejudice appears in the record, or that the jury was unduly influenced. The evidence sustains the verdict, and there is no error of law. The cases cited by appellant were entirely different from this.

HUMPHREYS, J. Appellee instituted suit against appellant in the Jackson Circuit Court for damages for the sum of $2,500 on account of appropriating, under the right of eminent domain, about one acre of land with improvements thereon, seventy-five feet in width off of one entire side of a ten-acre tract owned by him, near the city

of Newport, and for damages resulting from the appropriation.

Appellee admitted the appropriation of the land for levee purposes, but joined issue as to the amount of damages resulting, alleging the value of the land and improvements appropriated and damaged to be $200, which amount it tendered.

The cause was submitted to the jury upon the pleadings, evidence and instructions of the court, which resulted in a verdict against appellant in the sum of $1,700. A judgment was rendered in accordance with the verdict, from which an appeal has been duly prosecuted to this court.

The Newport Levee District, appellant herein, was created by act No. 249 of the Acts of the General Assembly of 1917, and, in the construction of the levee authorized by said act, it appropriated for right-of-way purposes a strip of land seventy-five feet wide off of one side of a ten-acre tract near Newport, owned by appellee. At the time of the appropriation, the improvements upon the strip of land consisted of a dwelling house, fences and cross-fences, and outbuildings, consisting of a barn, houses for pigs, etc. The dwelling was a frame house, painted inside and out, with brick flues, with porches front and back, the construction of which cost about $2,300. The barn was 14 by 16 feet in the main, with sheds on three sides. The main part of the barn was built of split and hewed logs, most of cypress, and was covered with boards and shingles. There were racks and troughs around the barn to feed the stock. In addition to the hog houses, there were troughs and other conveniences for raising hogs. Before appellants appropriated the property, they employed ................ Sea to move the house off of the right-of-way onto another part of the ten-acre tract designated by appellee, which was damaged in moving. The other improvements on the property were torn down and appropriated by appellants. It is fairly inferable from appellee's entire evidence that the improve-

ments, including the dwelling, were placed upon the property by appellee about three years before the appropriation, a short time after he purchased the ten-acre tract of land, for which tract he paid $1,800.

In the course of the examination of appellee, he was permitted to testify, over the objection of appellants, as follows:

Q. What did you put these improvements on this piece of land for, for what purpose?

A. Well, I figured on going out there and living. I had been in business fourteen or fifteen years, and I figured on making it my home and living there.

Q. Making it a home?

A. Yes, sir.

Q. Mr. Price, did you want the house moved from there on to that other piece of land?

A. No, sir.

Q. You didn't want to live there, you wanted to live where you put your house, did you?

A. Yes, sir; that is what I put it there for.

Q. What do you say now, Mr. Price, would be your idea of the fair market value of that land?

A. Well, I don't know. I didn't want to sell it at all myself, you know. I bought it for my own use for my home, and I don't know what it would be worth. I spent fifteen years you might say in saving up money for the place.

In the course of the cross-examination of appellee by appellant, he testified that he paid $1,800 for the entire tract, whereupon appellant propounded the following question to him: "Q. And when was that you paid $1,800 for the eight acres?" The court refused to permit this question to be answered, and proper exceptions were saved by appellant.

In the course of further cross-examination of appellee by appellant, he testified that it cost him $250 or $300 to build the barn; that it was worth what it cost him; that it was worth $500 to him. Appellant then asked ap-

pellee concerning the market value of the barn; whereupon the court ruled, over the objection and proper exception of appellant, that appellant could not show the fair market value of the barn, because there was no fair market value on second-hand barns in this country on another man's land, and stating further that he did not think the fair value would be the measure of damages on the barn; that the test would be the damages to appellee by tearing it down.

The first insistence of appellant for reversal is that the court admitted evidence tending to establish a sentimental value of the property on account of being bought, planned and constructed by appellee for a home. It was improper to admit this evidence, but we do not think it prejudicial, for it was, in effect, eliminated by the instruction given by the court upon the measure of damages, which was not objected or excepted to by appellant.

The second insistence of appellant for reversal is that the court refused to permit appellants to show by appellee at what time he paid $1,800 for the entire ten-acre tract. The price paid for land is a circumstance tending to show its market value at or near the time purchased. The real issue in the instant case was the value of the land at the time appropriated, together with the damages resulting on account of the appropriation, and evidence tending to show that appellee had purchased the tract near the time of appropriation for $1,800 would have been a circumstance tending to establish the value of the land taken and damages resulting on account of the appropriation. It was error therefore to exclude the evidence of appellee as to the time he paid $1,800 for the entire tract, but we do not regard it as prejudicial error, for it is clearly inferable from the evidence that he built the house about three years before the strip of land was appropriated by appellants, shortly after he purchased it. This fixed the time at which appellee paid $1,800 for the entire tract. There was no dispute in the evidence upon this point. It is not contended that by pressing this point

upon cross-examination appellants could have shown that appellee paid $1,800 for the entire tract at a later date than about three years before the appropriation of the land. We are of opinion that no prejudice resulted to appellant in this regard.

The next insistence of appellant for reversal is the refusal of the court to permit appellee to be interrogated as to the fair market value of the barn disconnected from the land, and to the statement of the court that the proper measure of damages was not the fair market value of the barn, but the damage done to appellee by tearing it down. The barn was clearly a part of the real estate appropriated by appellant. The question at issue was not the market value of the barn disconnected from the real estate, but the value of the real estate appropriated with the improvements thereon, as well as damages resulting from the appropriation. This court has established the rule for measuring damages in condemnation proceedings to be the difference between the value of the whole land before the appropriation and the value of the portion remaining after the appropriation. *Little Rock, Miss. & Texas Ry. Co.* v. *Allen,* 41 Ark. 431. The court did not err, therefore, in refusing to permit appellee to be interrogated concerning a fair market value of the barn disconnected from the land.

The last insistence of appellant for reversal is that the court permitted proof of the damages resulting on account of removing the dwelling from the lands appropriated to adjoining lands belonging to appellee. The insistence of appellant is that the contract for removing the dwelling was let to a Mr. Sea with the understanding that he should receive $150 for the job and assume all obligations for damages resulting on account of the removal thereof. Appellant requested the following instruction upon this point, which was refused by the court:

"You are instructed that if you find from the evidence that the defendants employed one Sea to move the

house of the plaintiff from the land taken by the defendants on to the plaintiff's land, and that the said Sea had the sole control of the manner of doing such work, the hiring and discharge of the employees engaged in such work, and the sole control of the manner in which they did such work, then the said Sea was an independent contractor, and the defendant would not be liable for any damage done to said house by said Sea or his employees in moving it.''

The doctrine of independent employment has no application in condemation proceedings. The right to appropriate private property for public use was not delegated by the Legislature to an independent contractor of appellant but to appellant itself, and the exercise of the right of eminent domain can not be farmed out by the agency to whom delegated so as to escape liability on account of appropriating private property for public use. It was said in the case of *Lesher* v. *Wabash Navigation Co.*, 14 Ill. 85 (Am. Dec., vol. 56, p. 494), that (quoting from the syllabus) :

''Corporation authorized by charter to enter upon private premises and take therefrom materials for the erection of public works, and liable for compensation to the owners, is liable to the owners for the materials so taken by contractors employed by the corporation for the prosecution of a portion of the work, although the contractors were to furnish the materials and to do the work for a stipulated price.

''Contractors employed to perform portions of public work by corporation chartered for that purpose are none the less the servants of the corporation because they do the work by contract and for a stipulated price.''

No error appearing, the judgment is affirmed.