## JOYCE et al. v. TEXAS POWER & LIGHT CO.  (No. 2049.)

Court of Civil Appeals of Texas. El Paso. Oct. 6, 1927.

1. Eminent domain ⊕═191(3)—Petition to condemn land need not show property is necessary for purposes for which plaintiff is incorporated and is required for public use (Rev. St. 1925, arts. 1435, 3264).

Under Rev. St. 1925, art. 3264, petition by electric company to condemn land for power line based on article 1435 need not show that property in question is necessary for purposes for which plaintiff corporation is incorporated, and that it is required for public use.

2. Eminent domain ⊕═195—Only where Constitution or statute limits taking to necessity does question become judicial requiring pleading and proof thereof.

Only where Constitution or statute limits taking by eminent domain to cases of necessity does question of necessity become judicial one, requiring pleading and proof thereof.

3. Eminent domain ⊕═221—Where pleadings do not raise question that plaintiff acted arbitrarily, fraudulently, or unjustly, question as to right to condemn for public use cannot be submitted to jury (Rev. St. 1925, art. 3264).

Under Rev. St. 1925, art. 3264, where, in condemnation proceedings, defendants' pleadings do not raise issue that plaintiff acted arbitrarily, fraudulently, or unjustly in determining necessity of taking property, question of right to condemn for public use cannot properly be submitted to jury.

4. Eminent domain ⊕═35—That electric company would use power line for private telephone line also held not to prevent condemnation of land (Rev. St. 1925, arts. 1435, 3264).

Under Rev. St. 1925, arts. 1435, 3264, fact that electric company intended to use power line to carry telephone wires for its sole use held not to prevent condemnation of land for power line; use for telephone wires being merely secondary.

5. Trial ⊕═260(10)—Refusal of charge as to value of land condemned substantially covered by charge given held not reversible error (Rev. St. 1925, arts. 1435, 3264).

Under Rev. St. 1925, arts. 1435, 3264, charge submitted to jury as to what was value of land per acre within 100-foot right of way condemned for electric power line at time it was taken was not reversible error because of refusal of special charge which was substantially covered by charge given.

Error from Dallas County Court at Law No. 2; Wm. M. Cramer, Judge.

Eminent domain proceeding by the Texas Power & Light Company against C. L. Joyce and others. Judgment for plaintiff fixing the value of land taken and defendants except; defendants Tom Shipley and H. L. Wynn bring error. Affirmed.

O. F. Wencker, of Dallas, for plaintiffs in error.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for defendant in error.

WALTHALL, J. This case presents an appeal from a final judgment in the county court at law No. 2 of Dallas county, Tex., in a statutory condemnation proceeding.

The Texas Power & Light Company, a Texas corporation, defendant in error in this appeal, referred to in the briefs as plaintiff, and for convenience we will so designate defendant in error, complaining of C. L. Joyce and wife, Ora Joyce, R. E. Alexander and wife, Agnes Alexander, and their tenants, Tom Shipley and H. L. Wynn, plaintiffs in error, and hereinafter referred to as defendants, represents that plaintiff petitioner is a Texas corporation, duly incorporated for the purpose of generating, manufacturing, transmitting, and selling gas, electric current, and power in the state of Texas, stating its principal office and place of business to be in Dallas county; that plaintiff has planned to construct and is now proposing, prepared, and ready to construct certain lines consisting of poles, wires, cross-arms, insulators, guy wires, and such apparatus, devices, and arrangements as may be necessary and proper to maintain and operate the same for the purpose of transmitting electric current and power, of high voltage, between the town of Royse in Rockwood county, to and near Buckner's Orphan Home in the city of Dallas, and said lines will be run, operated, and maintained over, across, upon, and through the following described tracts of real estate, the fee-simple title to which is owned by the defendants, naming them, and describing the real estate as situate in Dallas county, the number of acres contained in each tract, designating the several tracts as parts of the John Little League survey, and describing same by metes and bounds; that said lines are to be located, erected, maintained, and operated over, across, upon, and through said land as follows; then stating the line as surveyed and located across said land, stating the beginning point in the center of the line and from thence the course and distance sufficiently describing the entire line, the number of poles and guys, size of poles in diameter and length with cross-arms, stating number to each pole and their length and distance above the surface, and such other matters of description as seems sufficient.

---

The petition states that the land upon which said lines will be located and the space of 50 feet on each side of said lines referred to will not be fenced or inclosed by plaintiff, and that no use thereof is to be made by plaintiff except for the erection of said lines and devices for fastening said guy wires and the operation and maintenance thereof, and the use of said land by the owner thereof is not to be obstructed or interfered with except so far as this may be done by said lines and devices for fastening said guy wires, and the construction, maintenance, and operation thereof, and except that, in order to prevent endangering the said lines by fire, storm, or otherwise, and in order to prevent causing the same to become dangerous in any wise to life or property, no growth, other than growing crops or trees less than —––– feet in height, and no building or structure is to be permitted within a space bounded by a line 50 feet on each side of and parallel to the center line of said lines as described, and the plat referred to as "Exhibit A," and any such growth, except as aforesaid, building, or structure, will be removed at the time of the construction of said lines, and thereafter prevented. For additional and clearer information as to the construction and location of said lines, poles, wires, devices for fastening guy wires, and the location of the space within which no growth, except as stated, building, or structure will be permitted, plaintiff attaches and refers to same as a part of its petition a blueprint or plat giving the substantial location thereof, and marks same as "Exhibit A."

The petition further represents that it is necessary for the establishment, location, maintenance, and operation of said lines that petitioner plaintiff acquire, take, hold, use, and enjoy the described portion of the real estate mentioned, for the purpose of a right of way or easement, for said line as located, described, and designated, together with the apparatus, poles, wires, cross-arms, insulators, guy wires, devices, and arrangements necessary or proper to maintain and operate, repair, and rebuild same, and together with the right to remove, and thereafter prevent growths, buildings, or structures for a space of 50 feet on each side of said line as specified; that plaintiff cannot agree with defendants upon the damages occasioned by the acquisition of such right of way. Plaintiff prays for the appointment of special commissioners to assess the damages, for a decree of condemnation vesting in petitioner such right of way across said land, for costs, and relief, general and special.

The county judge, Hon. Wm. M. Cramer, appointed the special commissioners, three in number, each of whom were fully sworn. All proper notices were given to defendants as to time and place for hearing the parties, and the notices duly served and proper returns duly made.

On the hearing the commissioners made an award in writing of $795 damages to defendants, and duly filed same with the county judge, to which award defendants duly filed with the county judge their objections. The plaintiff was duly cited, and the cause set for trial de novo in the county court. The case was tried with a jury and submitted upon special issues. Upon the issues submitted the jury found: The market value of the land per acre, included within the 100-foot right of way, described in the petition, at the time same was taken, to be $135 per acre; that the remainder of the farm owned by defendants, outside of the right of way, was not depreciated in market value by reason of the taking of the right of way. On the verdict of the jury the court entered judgment. In the judgment the court states that the suit is in condemnation; that the plaintiff has the power of eminent domain; that the land and the rights sought to be condemned are taken for a public use; that a public necessity exists for such taking; and that the undisputed testimony establishes the acres of land sought to be taken, and, accepting the jury's finding as to the value of the land per acre, enters judgment that plaintiff pay to defendants, owners of the land, the value of the land as found with interest from date, in full compensation for the construction, operation, and maintenance of a high-power transmission line across the land, describing the land taken as in the petition and the superstructures to be placed thereon as in the petition and exhibit, and decrees to plaintiff the right to take said land for the purpose of right of way, the fee in said strip remaining in defendants, and that defendants Shipley and Wynn take nothing. The judgment overrules all pleas to the jurisdiction presented by defendants. From the judgment rendered, defendants, except Shipley and Wynn, prosecute this appeal.

### Opinion.

[1] The petition upon which the condemnation of the strip of land is sought has been sufficiently stated above. The petition follows the articles of the statute applicable to the purpose of the condemnation proceeding stated, viz., article 1435, R. C. S. 1925, which, for brevity, we will not quote. Article 1435 of the statute gives such corporation the right or power to enter upon, condemn, and appropriate the land, and to erect its lines over same, and makes other provisions not brought into question here. Article 3264 provides for the procedure in the exercise of the right of eminent domain, which we need not quote, and which was pursued in the case. Defendants filed a plea to the jurisdiction upon the ground:

"First, plaintiff fails to show that the property in question is necessary for the purposes for which the plaintiff is incorporated and that same is required for a public use; second, * * *

the petition does not set forth the purposes in which plaintiff is engaged and the powers which it has under its charter, and that same are for public purposes and public uses; third, * * * nowhere does plaintiff or petitioner allege or show that the objects of the plaintiff and purposes for which the property is to be condemned is not to be for private purposes and that the same is for public purposes only."

The plea was overruled, and defendants complain of the ruling.

[2] While the courts are not altogether in accord on the question presented, we have concluded that the court was not in error in overruling the plea. In delegating the power of eminent domain the Legislature, in article 3264, evidently intended to prescribe what facts must be set out in the statement in writing, and determined for itself every question as to necessity and public use, and left only to the courts, and the procedure prescribed, the determination of the amount to be paid in order to acquire the right to the use of the property. The rule seems to be that only where the Constitution or the legislative act limits the right to take private property to cases of necessity, that the question of necessity becomes an issue to be pleaded or proved. In such cases the issue of necessity for the taking becomes so by reason of express provision by law. In such case the question of necessity becomes a judicial one. See C. J. vol. 20, p. 626.

In Crary v. Port Arthur C. & D. Co., 92 Tex. 275, 47 S. W. 967, in a condemnation proceeding our Supreme Court answers the following certified question:

"In order to give the appellee the right to condemn the land of appellant for the construction of its channel, must it show that such condemnation is necessary to enable the appellee to reach a place of safety for its docks?"

The question was answered in the negative. In passing upon the question the court says:

"The corporation, of all persons, natural or artificial, is most interested in the safety of its docks, and its interest would in every case lead it to select a locality as safe as practicable. The meaning of the language, in our opinion, is the same as if the statute had read, 'and so far into the mainland as the corporation may deem necessary,' etc."

In Mangan v. Texas Transportation Co., 18 Tex. Civ. App. 478, 44 S. W. 998, Judge Neill quotes from 2 Dillon, Mun. Cor. (4th Ed.) § 600, as follows:

"Of the necessity or expediency of exercising the right of eminent domain in the appropriation of private property to public uses, or the corporate body or tribunal upon which it has conferred the power to determine the question, is conclusive upon the courts, since such a question is essentially political in its nature and not judicial."

For other cases we have reviewed, without quoting therefrom at length, see: Borden v. Irrigation Co., 98 Tex. 494, 86 S. W. 11,[1] Croley v. Ry. Co. (Tex. Civ. App.) 56 S. W. 615; Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 206; Palmer v. Harris County, 29 Tex. Civ. App. 340, 69 S. W. 229, in which the court held that the trial court correctly refused to submit to the jury the question of the necessity of taking the land; Cane Belt Ry. Co. v. Hughes, 31 Tex. Civ. App. 565, 72 S. W. 1020, in which the reason for the rule stated is discussed; Imperial Irrigation Company v. Jayne, 104 Tex. 395, 138 S. W. 575, Ann. Cas. 1914B, 322, in which it is said:

"When the use is public, the necessity or expediency of appropriating any particular property is not a subject of judicial cognizance."

[3] Where the pleadings of defendants do not raise the issue that plaintiff acted arbitrarily, fraudulently, or unjustly, in determining the question of the necessity of taking the property, no question as to plaintiff's right to condemn for the public use, it seems, could have properly been submitted to the jury, as insisted by defendants in one of its propositions.

[4] We do not concur in defendant's proposition that plaintiff's right to condemn for the transmission of electric current and power should be refused, where the proof shows that plaintiff also purposed or purposes to use the line on which to carry telephone wires for the sole use of itself. Plaintiff is a corporation organized under the laws of this state; its petition shows the purposes of its incorporation; the statutes of this state give a corporation so organized, with the purposes expressed in its charter, the right of eminent domain. Should plaintiff in the exercise of the right given make secondary use of a right not within the purposes of its organization, and a use not within the right granted by the statute to plaintiff, such use, we think, would not of itself destroy the right of eminent domain, the right to condemn land, for the use granted, such use may or may not amount to an additional or other servitude upon the land condemned to that expressed in the purposes of its organization, and granted by the statutes, but such additional or improper use made of the land would not prevent the right to condemn for a proper use. The rights of plaintiff arise out of and are derived from, and limited by, the powers and rights given by the statutes, and expressed in the judgments in the condemnation proceedings. O'Neal et ux. v. City of Sherman, 77 Tex. 182, 14 S. W. 31, 19 Am. St. Rep. 743.

A wholly improper use may amount to an abandonment of the right granted, or a new assessment of damages may, by reason of the improper use, be acquired, or the right granted be impeached and set aside or the improper use enjoined, but whatever the facts might show of such use, if made, if not within the grant, defendants would have their remedy. The extent of the opinion we wish to express here is that a mere contemplated secondary

[1] 107 Am. St. Rep. 640.

use, as we think to be the extent of the evidence shown, though improper, but not granted, would not of itself destroy the right to condemn for an authorized use. Lyon v. McDonald, 78 Tex. 71, 14 S. W. 261, 9 L. R. A. 295; Moseley v. Bradford (Tex. Civ. App.) 190 S. W. 824.

[5] The court submitted to the jury the following:

"What was the market value of the land per acre included within the 100-foot right of way described in plaintiff's petition at the time plaintiff took same?"

The jury answered, $135 per acre. The judgment rendered was based upon the value found by the jury. Defendants claim the charge as given is error. They submitted a special charge which the court refused. The trial court, in other portions of the charge given, instructed the jury substantially as requested in the refused charge. Reversible error is not shown.

We have found no reversible error and the case is affirmed.