130 So.2d 170

**J. O. POPWELL et al.**

v.

**SHELBY COUNTY.**

7 Div. 362.

Supreme Court of Alabama.

Nov. 17, 1960.

Rehearing Denied May 25, 1961.

Rogers, Howard & Redden, Birmingham, for appellants.

Maurice F. Bishop and Robt. S. Richard, Birmingham, and Handy Ellis, Columbiana, for appellees.

COLEMAN, Justice.

This is an appeal from a judgment of the circuit court rendered on the verdict of a jury in a proceeding to condemn 5.73 acres of land in Shelby County for the construction of a public highway. The appellee commenced the proceeding in the probate court where an order of condemnation was entered awarding appellants compensation in the amount of $35,125. Appellee appealed to the circuit court where a judgment was rendered on a jury verdict awarding appellants $18,500. From that judgment and a judgment overruling motion for new trial the appellants prosecute this appeal.

Evidence offered by appellee placed the value of the condemned property at amounts ranging from $15,815 to $18,750. Witnesses for appellants placed the value at amounts from $35,000 to $37,500. One of the appellants placed the value before the taking at $55,000 to $60,000, and the value afterwards at $700 or $800. It appears that after the taking appellants will have remaining something more than one

acre without any improvements on it. The condemned land appears to be a knoll or hill. The improvements to be taken are a house, garage, driveway, parking area, well, and appurtenances. It was stipulated that the land is not suitable for farming purposes.

## Assignment 1.

■ Appellants assign as error the action of the court in overruling their motion for new trial. On appeal under § 764, Title 7, Code 1940, appellants may assign for error that the court "improperly granted or refused to grant a new trial." Such an assignment of error justifies consideration of any ground of the motion stated with sufficient definiteness to direct the court's attention to the alleged erroneous ruling; and, on such an assignment, we would consider any ground of the motion which is clear, specific, and adequately argued in brief by appellants. Pearson v. Birmingham Transit Co., 264 Ala. 350, 87 So.2d 857.

■ Assignment of Error 1 is such an assignment. Under it appellants argue together Grounds 10, 11, 13, and 14 of the motion for new trial. Ground 10 of the motion recites as follows:

"10. For that the Court erred in overruling defendant's numerous motions for a mistrial because of the inflammatory and prejudicial argument made by counsel for the plaintiff to the jury, in its closing argument."

Ground 10 does not state with sufficient definiteness the alleged erroneous ruling complained of. Grounds 11, 13, and 14 are also lacking in definiteness. Under the rule in Pearson v. Birmingham Transit Co., supra, the grounds of the motion argued under Assignment of Error 1 present nothing for review.

## Assignment 30.

■ Appellants assign as error the action of the court in denying appellants' motion to exclude argument allegedly made to the jury by appellee's counsel. The record discloses the following:

"By Mr. Rogers: We object to the argument of counsel for the Plaintiff, to get full dollar value for every tax dollar spent. Now, we object to that argument and move to exclude it, the burden of high taxes has nothing to do with this land, and we ask the Court to instruct the jury that they are not to consider the amount of taxes, and at this time I would like to make a motion for a new trial on the ground that the argument of the attorney for the State is so prejudicial the Court could not eradicate it from the minds of the jury.

"By the Court: Motion denied.

"By Mr. Rogers: We except."

Appellants insist that appellee's argument was an appeal to the selfish interest of the jurors as taxpayers made to persuade them improperly to reduce the amount of the verdict. An argument to that effect was condemned as prejudicial in Williams v. City of Anniston, 257 Ala. 191, 58 So.2d 115. On the other hand, appellee says in brief that no argument was made that the *jurors* should get a full dollar value for every tax dollar spent, but that, in reply to argument by appellants critical of fees paid to appellee's expert witnesses, appellee had stated to the jury that payments to these experts represented "a full dollar value for every tax dollar spent." The record does not sufficiently disclose what was said to the jury, or its context, for us to say that the argument was improper and the court will not be put in error for overruling appellants' motion to exclude. Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594.

## Assignments 3, 4, and 5.

Over appellants' objection, appellee was permitted to introduce in evidence Exhibits 4, 4-A, and 4-B, which are a bill for in-

junction filed in 1953 by the circuit solicitor to restrain appellants from using the property here involved for the purpose of gaming, the order of the circuit court granting the temporary injunction, the temporary injunction, and the final decree rendered on January 19, 1954, making the injunction perpetual and requiring appellants to execute a bond for $5,000 conditioned upon faithful observance of the decree for three years. It is here noted that in the condemnation proceeding, the court instructed the jury that the valuation date was April 24, 1956. Appellants contend that admission of these exhibits was error because they are prejudicial to appellants, are irrelevant, and do not tend to shed light on any material fact in issue.

We have not found any case in which the reputation of property has been considered as being or not being an element of its value. Appellee argues that such reputation is such an element and that the exhibits complained of were correctly admitted to be considered by the jury in determining the fair and reasonable market value before the taking. Appellee contends that the market value is or could be less because the house bears the reputation of having been previously used for gaming.

■ Great caution should be observed not to build up an imaginary or speculative value as a basis for awarding damages. Alabama Power Company v. Henson, 237 Ala. 561, 187 So. 718. Neither should the value be reduced for imaginary or speculative reasons.

■ A place maintained for the purpose of gaming is a common nuisance and keeping such a place is a criminal offense. Sections 293–302, Title 14, Code 1940. Such use of property is an illegal use. There are cases where courts have held that present market value based on past illegal use may not be considered in making an award of just compensation, although the property had been put to an illegal use and although such use did enhance the market value. Orgel on Valuation under Eminent Domain, Second Edition, 1953, page 162, § 3. Joly v. City of Salem, 276 Mass. 297, 177 N.E. 121; Lawrence v. Metropolitan El. Ry. Co., 126 N.Y. 483, 27 N.E. 765, 13 L.R.A. 102; McKinney v. Mayor, Etc., of Nashville, 102 Tenn. 131, 52 S.W. 781, 73 Am.St.Rep. 859. The question here, however, is not a question of value based on the profit or rent to be derived from an illegal use. The instant question is whether or not reputation of property is a proper element of its value. The reputation here is the reputation of the condemned property itself and not that of the neighborhood where the property is located.

■ It has been held that the "sentimental value" of a homestead to its owner is not an element of compensation. " * * The measure of the citizen's damage * * is fixed and determined by law on the basis of value, and all elements of sentiment are excluded." Cane Belt Ry. Company v. Hughes, 31 Tex.Civ.App. 565, 72 S.W. 1020, 1021. See, also, Maher v. Commonwealth, 291 Mass. 343, 197 N.E. 78; In re Edward J. Jeffries Home Housing Project, etc., 306 Mich. 638, 11 N.W. 2d 272; Newport Levee Dist. v. Price, 148 Ark. 122, 229 S.W. 12; Brown v. W. T. Weaver Power Company, 140 N.C. 333, 52 S.E. 954, 3 L.R.A.,N.S., 912; City and County of Denver v. Quick, 108 Colo. 111, 113 P.2d 999, 134 A.L.R. 1120.

■ The test of the market value of the property is what it would reasonably have sold for in the market at the time and place and under like conditions. Dean v. County Board of Education, 210 Ala. 256, 97 So. 741. Otherwise stated, market value is the price the property will bring, when offered for sale by a willing seller who is not forced to sell, and is sought by a willing buyer who is not required to buy, after due consideration of all the elements affecting value. Apparently the willing seller is conceived to be a seller who would not be influenced by sentimental attachment to the property. It necessarily fol-

lows that the willing buyer would not increase his offer because of sentimental desire to own the property. The parties apparently would not allow sentiment to cloud their business judgment.

The sentimental considerations which would cause a seller to demand and a buyer to pay a higher price is of the same character as, although to opposite effect from, the reputation with which we are here concerned. If appellee's argument be correct, then in the case at bar, the seller would be willing to accept, and the buyer would restrict his offer, to a price less than the price they would agree to if the instant property did not bear the reputation sought to be proved by the exhibits complained of.

If the law does not permit sentiment to increase the price on which the willing buyer and willing seller would agree, then we are of opinion that the law does not permit sentiment to reduce that price. If sentiment would not influence the seller to demand more, sentiment would not influence him to accept less. If the buyer would not be willing to pay more for good reputation acquired by past use, he would not insist on paying less for bad reputation so acquired. This is not to say that some buyers and sellers might not be influenced by sentiment, but it is to say that such buyers and sellers are not the ordinarily prudent parties contemplated as willing buyer and willing seller in the cases cited above where the courts have excluded sentiment as an element of value.

■ One reason why evidence of reputation should not be considered is the nebulous and uncertain effect of such evidence. It would be difficult if not impossible to say with any reasonable accuracy how many dollars the reasonable market value would be reduced by the unfavorable reputation. Mere difficulty or uncertainty in ascertaining that effect, however, might not be insurmountable. The compelling reason for excluding evidence of reputation is that at best it is a matter of sentiment and all elements of sentiment are to be excluded. We are of opinion that the court erred in overruling objections to Exhibits 4, 4–A, and 4–B.

Appellee argues that error in admitting these exhibits was cured by testimony subsequently given by one of appellants wherein he referred to the padlock order. These subsequent statements fall short of establishing the facts shown by the exhibits and are insufficient to make applicable the rule that error in admitting evidence is not ground for reversal where the party complaining introduces the same evidence himself.

### Assignments 6, 7, and 8.

These assignments take the point that the court erred in overruling appellants' objection to certain questions propounded to appellee's expert witness. By the questions, the witness was asked to state the reasonable market value of the McCoy property at the time the witness appraised it and what the McCoy property sold for.

■ Appellee asserts in brief that the rulings here complained of are not properly before us because they were not presented in the motion for a new trial. This assertion is without merit. In this jurisdiction, rulings by the trial court on the admission and rejection of evidence are reviewable on appeal without a motion for a new trial. Travis v. Hubbard, 267 Ala. 670, 104 So.2d 712.

■ In Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So. 2d 308, this court recently observed that in Davis v. Reid, 264 Ala. 560, 88 So.2d 857, Alabama has adopted the general rule to the effect that evidence of the sales price of other lands voluntarily sold is admissible on the issue of value if the conditions surrounding the two tracts of land are similar and if the sale was neither too remote in point of time nor of such character as to indicate that it did not represent the true value of the property. This court further

recognized that on the question of similarity much must be left to the discretion of the trial court, but further observed that the condemned lands had not been divided into lots and that the evidence was otherwise scant as to similarity.

In State v. Brintle, 207 Ala. 500, 93 So. 429, in a proceeding to fix the value of property for taxation, with reference to a question asking the witness to state the value of lots adjoining the subject property, the court held that the questions did not refer to the similitude of the situation, that it did not appear that the state offered to show the essential likeness, and that objection to the question was correctly sustained.

Comparing the McCoy property and the property here involved, the evidence shows that both had been used for gambling and both were located approximately the same distance from Birmingham. They were located on different highways. The McCoy property included 55 acres, of which 15 or 20 acres were bottom land. The Popwell property included approximately 7 acres, was on a knoll or hill, and was not suitable for farming. The contour of the McCoy land was more desirable than the Popwell land and both land and improvements on the McCoy property were "considerably more valuable," in the opinion of the witness, than the Popwell property. We are of opinion that the two pieces of property were not sufficiently similar to make evidence of the sale price of the McCoy property admissible on the issue of value of the Popwell property.

## Assignment 9.

This assignment complains of the overruling of appellants' objection to a question asking the sale price of the Stevenson property. What has been said concerning the McCoy property will be sufficient as to this assignment on another trial.

## Assignment 11.

On direct examination of appellee's witness Morgan, he was asked "Q. Are you a member of any farm organizations?" Appellants objected and their objection was overruled. The witness answered "A. I belong to the Farm Bureau, and an officer in the Cattlemens Association, And Alabama Sheep Wool Growers Association." While it does not clearly appear that appellants were prejudiced by the ruling of the court, we do not see the relevancy of the testimony to show the qualification of the witness to testify on real estate values.

## Assignments 14–20.

These assignments complain of the rulings of the trial court admitting in evidence photographs of the McCoy property. We have already indicated that evidence of the sale price of the McCoy property was not admissible and for the same reason are of opinion that the court erred in admitting the photographs.

Other errors argued probably will not arise on another trial.

For the errors pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.

## On Rehearing

COLEMAN, Justice.

In support of our holding that evidence of the sale price of the McCoy property was improperly admitted because the McCoy and Popwell properties had not been shown to be similar, see: State v. Donaldson, 209 Ala. 400, 96 So. 617; Leahy v. State, 214 Ala. 107, 106 So. 599. Further extension of this opinion would serve little purpose.

We are of the view that we should adhere to our original holding.

Opinion extended.

Application overruled.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.