173 So.2d 104

**STATE of Alabama**

v.

**Ellen G. INGALLS.**

**6 Div. 98.**

Supreme Court of Alabama.

March 18, 1965.

Thomas Coleman, Special Asst. Atty. Gen., and Whitmire, Morton & Coleman, Birmingham, for appellant.

564

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

COLEMAN, Justice.

The state, as condemnor, appeals from a judgment rendered by the circuit court in an eminent domain proceeding to condemn the residence of a landowner.

· I.

The condemnor argues that the court erred in giving landowner's requested Charge 3 which recites as follows:

"3. The Court charges you that the question of whether or not the subject property had a market in Birmingham is a matter on which the jury should reach a conclusion based on all the testimony and the jury is not bound by the judgment or testimony of any witness, expert or otherwise, on this question."

Condemnor argues that giving Charge 3 was erroneous and prejudicial to condemnor because: (1) The jury is bound by the testimony whereas Charge 3 instructs that the jury is not so bound; (2) the evidence was to effect that the condemned property had a market in Birmingham and there was no evidence to the contrary; and (3) the condemned real property could have a market only at its location, i. e., Birmingham; the court correctly sustained objection to testimony as to price of comparable houses in other cities; the charge "created an irreconcilable conflict between the court's ruling on the admission of evidence, and the given charge," * * * and * * * "The charge authorized the jury to find, speculatively, that the * * * house did not have a market in Birmingham; that comparable houses in" * * * other cities * * * "had a selling price greater than in Birmingham" * * * hence jury "award might be greater than the selling price at Birmingham."

As to the first criticism, Charge 3 recites in part that "the jury should reach a conclusion based on all the testimony." In the light of that statement, we do not think that Charge 3 can be properly interpreted as telling the jury that they are not bound by the testimony and have an absolute right to disregard the testimony, as did Charges 55, 56, and G, which were condemned in O'Neill v. City of Birmingham, 221 Ala. 580, 130 So. 87. The statement, that "the jury is not bound by the

judgment or testimony of any witness," can fairly be taken to mean that the jury is not bound by the testimony of any single witness. The charge may be misleading in that respect, but if it is, the condemnor should have requested additional, explanatory charges. Drennen v. Smith, 115 Ala. 396, 22 So. 442; United Insurance Company of America v. Ray, 275 Ala. 411, 155 So.2d 514.

On page 35 of appellant's brief, it is stated that four witnesses testified that the property had a market at Birmingham and that the prices fixed by these witnesses ranged from $90,000.00 to $250,000.00. We are not persuaded that the jury was bound by the testimony of any one of the witnesses or that Charge 3 states an incorrect proposition of law for the second or third reason argued by condemnor.

■ If, as condemnor says, all the evidence was that the property had a market in Birmingham, and there was varying testimony as to the market price, we fail to see the error in instructing that on the question of whether there was a market in Birmingham, the jury should reach a conclusion based on all the testimony and were not bound by the judgment or testimony of any one witness on this question.

■ Neither do we understand how Charge 3 authorized the jury to consider market value in other cities. Condemnor states in brief that "The Trial Court correctly ruled * * * that * * * testimony as to the selling price of comparable houses in other cities was not admissible." We do not think Charge 3 permits the jury to reach a conclusion based on testimony that was not admitted.

We are of opinion that giving Charge 3 was not error.

## II.

Condemnor says the court erred in overruling condemnor's motion to exclude a statement made by landowner's expert witness when he was cross-examined by condemnor as follows:

"Q (BY MR. COLEMAN:) You stated I believe that you arrived at your evaluation from a market data approach, didn't you, Mr. Steiner?

"A I said I took all of them into consideration and attached weight to that judgment which indicated to me from my experience over 35 years that you could sell this house for $175,000 to other people that so far as the present owner-occupant was concerned she would not be justified in selling it for less than $385,000.

"MR. MORTON: Your Honor, we move to exclude his last statement, not responsive to the question, whether the lady would sell it for $385,000.

"A I was simply answering the question, that that is what I said.

"MR. COLEMAN: I don't believe I asked you what you said.

"MR. MORTON: We move to exclude it.

"THE COURT: Overruled.

"MR. COLEMAN: We except."

Condemnor insists that part of the answer was unresponsive and should have been excluded because it was immaterial and irrelevant and prejudicial to condemnor. We understand that condemnor moved to exclude the following part of the answer, to wit: "* * * that so far as the present owner-occupant was concerned she would not be justified in selling it for less than $385,000."

The question was: "You stated * * * that you arrived at your evaluation from a market data approach, didn't you * *?" The witness undertook to reply as to what he had said.

The record shows that on re-direct examination, immediately prior to the cross-examination set out above, this witness had testified as follows:

"Mr. Steiner, I want to check one more thing. Yesterday, when you talked about approaching this problem from the replacement, total replacement value which you are using amounted to $300,000, and then deduct from that your two types of depreciation, then add to that your architects' fees and engineers' fees, I believe.

"A And landscape fees. Landscape architect fees.

"Q Right. And those come to $30,000, making $315,000. Now, that would be exclusive of the cost of the lot and the improvements on the lot.

"A Yes, sir.

"Q Is that correct? Now, would you give—tell the jury your opinion as to the reasonable and fair market value of the lot and the improvements on the lot as of the date of the taking, which has already been agreed upon here.

"A For the land betterments, $25,000.

"Q Let's see now.

"A For the land, $45,000, inclusive of the protecting lots across the way.

"Q And what would that total be, $300,000 and what, sir? Do you have the figure?

"MR. SIMPSON: $385,000.

"A $385,000.

"Q And that is approaching it from the replacement standpoint?

"A Yes, sir.

"MR. CONERLY: I believe that is all."

In still earlier cross-examination this witness had also testified:

"A In the hands of the owner, that house was worth the money that is indicated by the replacement cost. The owner was so pleased with that house that the owner considered having that house taken down slate by slate."

■ It seems clear that, prior to the answer which condemnor sought to exclude, the witness had stated that the value was $385,000 "from the replacement standpoint." On cross-examination he was asked what he had said. We are of opinion that in that part of the answer which condemnor moved to exclude, the witness was saying that he had said that the house was worth $385,000 to the owner. That does not seem to us unresponsive to the inquiry asking what the witness had previously said as to how he had arrived at his evaluation.

It follows that, if the answer was not unresponsive, the court was not in error in refusing to exclude the answer on that ground. We so hold.

### III.

Condemnor assigns as error refusal of its requested Charge 1 which recites:

"1. The Court charges the jury that in making your award to the property owner in this case, caution should be observed not to build up an imaginary or speculative value as a basis for awarding damages, neither should the value of the owner (sic) property be reduced by you for any imaginary or speculative reason.

"Refused, Ingram Beasley, Judge.

"Popwell v. Shelby County 272 Ala. 287, 130 So.2d 170, 87 A.L.R.2d 1148

"Alabama Power Co. v. Henson 237 Ala. 561, 187 So. 718"

Condemnor relies on Popwell v. Shelby County, 272 Ala. 287, 291, 130 So.2d 170, where we said:

"Great caution should be observed not to build up an imaginary or speculative value as a basis for awarding damages. Alabama Power Company v. Henson, 237 Ala. 561, 187 So. 718.

Neither should the value be reduced for imaginary or speculative reasons."

We are not advised wherein the trial court admitted evidence which tended to establish an imaginary or speculative value. In its oral charge the court instructed the jury that: " * * * just compensation is to be fixed on that date, and the sum so fixed should represent the enlightened judgment of the jury of the fair cash market value of the land herein involved * * *." The court further gave to the jury definitions of market value. The correctness of these instructions is not challenged.

In Popwell's case, this court was concerned with admissibility of evidence, not with instructions. We are not disposed to question the correctness of the principle stated in Charge 1, but we do question the propriety of telling the jury not to build up an imaginary or speculative value without also telling the jury what constitutes an imaginary or speculative value. The court instructed in some detail as to what constitutes a fair market value. Without a definition of imaginary or speculative value, the jury would be left to make their own rule as to what constituted such a value. The result might well have misled or confused the jury.

We are of opinion that the court was not in error in refusing Charge 1 for two additional reasons.

First, the charge was abstract, being based on facts not appearing in evidence, and it is not error to refuse such instructions. Troy v. Rogers, 113 Ala. 131, 145, 20 So. 999; Pappas v. Alabama Power Company, 270 Ala. 472, 479, 119 So.2d 899.

Second, the instruction bears a citation to two decisions of this court. The statute, § 273, Title 7, requires that "Charges * * * must be given * * * in the terms in which they are written * * *." The court would be bound to read to the jury, not only the proposition of law stated in the charge, but also the written citations. The citations would not help the jury. Some courts have said that such notations on instructions are improper, although the court refused to reverse for giving such an instruction. Springer v. Orr, 82 Ill.App. 558, 563; State v. Ahaus, 223 Ind. 629, 636, 63 N.E.2d 199. The Supreme Court of Idaho has said:

" * * * While it was improper, we cannot say that it was prejudicial error for the court to hand instructions to the jury that contained citations supporting them. We are aware that it is the practice of attorneys, in preparing requested instructions to cite, for the benefit of the court, authorities upon which they base such instructions. That is proper and right; but, where that is done, such citations ought to be stricken out or detached before the instructions are handed to the jury. * * *" State v. Sage, 22 Idaho 489, 495, 496, 126 P. 403, 405.

We are of opinion that refusal of a requested charge does not constitute error where, as here, the charge bears citation of authority.

IV.

Condemnor assigns as error refusal of its requested Charge 2 as follows:

"2. The Court charges the jury that the sentimental value of the home to Mrs. Ingall is not a element of compensation for which you can award her damages. The measure of her damages for which you may award her compensation is the fair market value of her land described in the petition in this cause on the 28th day of September, 1962, the date this suit was filed, and all elements of sentimental value are excluded.

"Refused, Ingram Beasley.

"Popwell vs. Shelby County 272 Ala. 287, 130 So.2d 170"

Like Charge 1, Charge 2 bears citation of authority, and, for that reason, refusal to give it was not error.

Moreover, the court gave condemnor's Charge 7, which recites:

"7. The Court charges the jury that you are not to consider in arriving at your verdict any sentimental attachment to this property."

Refusal of charge is not cause for reversal where same rule was substantially and fairly given to jury in other given charges. § 273, Title 7, Code 1940.

### V.

Condemnor's refused Charge 4 was covered by the court's oral charge.

Error not being shown the judgment is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.