PECOS & N. T. RY. CO. v. MALONE et al.
(No. 1062.)

(Court of Civil Appeals of Texas. Amarillo.
Nov. 29, 1916. Rehearing Denied
Jan. 10, 1917.)

1. EMINENT DOMAIN ☞172—PROCEEDINGS TO
TAKE PROPERTY—JURISDICTION.
Under Vernon's Sayles' Ann. Civ. St. 1914,
art. 6531, providing that, when any railroad
company is sued for property occupied by it for
railroad purposes or for damages thereto, the
court in which the suit is pending may deter-
mine all matters in dispute, including the con-
demnation of the property on cross-bill, chap-
ter 21A, providing for the incorporation of gas,
electric current, and power companies, granting
to such companies by article 1283c the power
to own and hold lands and structures necessary
for their corporate purposes, and providing by
article 1283d for condemnation in the manner
provided by law in the case of railroads, a dis-
trict court has jurisdiction, in an action by a
railroad in trespass to try title, to adjudge the
condemnation of the property in question in fa-
vor of the defendant electric light and ice com-
pany.
[Ed. Note.—For other cases, see Eminent Do-
main, Cent. Dig. §§ 470–472; Dec. Dig. ☞
172.]

2. EMINENT DOMAIN ☞198(1)—PROCEEDINGS
TO TAKE PROPERTY—DETERMINATION OF NE-
CESSITY.
Under Vernon's Sayles' Ann. Civ. St. 1914,
art. 1121, § 73, permitting creation of water and
ice, and electric light and power companies,
an electric light and ice company had the power
to determine whether the appropriation of land
of a railroad company was necessary, and its
decision was not subject to review by the courts,
in the absence of abuse, and where it is not
shown that the use of the right of way by the
railroad will be seriously impaired.
[Ed. Note.—For other cases, see Eminent Do-
main, Cent. Dig. §§ 525, 528; Dec. Dig. ☞
198(1).]

Appeal from District Court, Hale County;
R. C. Joiner, Judge.

Action by the Pecos & Northern Texas
Railway Company against C. A. Malone, and
another. From the judgment, plaintiff ap-
peals. Affirmed.

Terry, Cavin & Mills, of Galveston, Madden,
Trulove, Ryburn & Pipkin, of Amarillo, and
L. R. Pearson, of Plainview, for appellant.
Randolph & Randolph, of Plainview, and L.
C. Penry, of Ft. Worth, for appellees.

HALL, J. May 6, 1912, appellant railway
company sued, in trespass to try title, C. A.
Malone and the Malone Light & Ice Company,
to recover a designated portion of its right
of way and station grounds in the town of
Plainview. Defendants disclaimed as to all
except a small portion of the land, upon
which the east end of its icehouse is situat-
ed. Appellant amended its original petition,
seeking to recover only that portion of its
right of way as claimed by the defendants.
February 10, 1916, the Texas Utilities Com-
pany, a private corporation, intervened, al-
leging, in substance, that it was duly incor-
porated under the laws of the state of Texas,
for the purpose of generating and supplying

electric lights and motor power to the pub-
lic, and operating waterworks for the supply
of water to the public, and for the mainte-
nance and supply of ice to the public; that
since the institution of the suit it had acquir-
ed all the physical properties, franchises, and
easements of the Malone Light & Ice Compa-
ny, assuming all the duties and obligations
resting upon the Malone Light & Ice Com-
pany, for furnishing water, light, etc., to the
city of Plainview; that at the time of the
filing of the suit the original defendants
were in possession of the land sued for and
other lands, and of the building containing
its electric light and ice plant, which had
been erected and was being used for the ben-
efit of the public; that it has such building
on said property, together with some poles
and other improvements thereon, so placed
for the use of intervener's customers in the
transaction of its business for the public;
that the public have a right at all times to
use the electric current for lighting and mo-
tor power when so furnished by intervener,
upon the payment of reasonable and satis-
factory charges therefor, and that the inter-
vener, as such purchaser, from said Malone
Light & Ice Company, is operating under
proper franchises from the city of Plain-
view, and is, as such, a public service corpo-
ration, legally authorized to condemn all
property necessary for the transaction of its
business for the public, and on such account
petitioner prays for condemnation of the
property sought to be recovered by plaintiff,
together with an additional strip.

On the same day plaintiff filed its supple-
mental petition, replying to the intervener's
plea of intervention, by general and special
demurrers, general denial and special pleas,
raising specifically all the questions present-
ed in the brief.

On February 11, 1916, the original defend-
ants filed an answer, consisting of exceptions,
general denial, and special pleas, and, in ad-
dition alleging that the Malone Light & Ice
Company had acquired by purchase certain
parts of block 5, in the Wye addition to
Plainview, which block lies immediately west
of the ground in controversy; that it had
placed its icehouse and other valuable im-
provements upon said property through mis-
take, thinking it was building upon its own
land.

Upon a trial before the court, without a
jury, judgment was entered that appellant
railway company recover the tract of land
described in its petition, and further order-
ing that the property described in the inter-
vener's plea of intervention be condemned to
the use and occupancy of intervener for the
purpose of erecting and constructing poles
and wires, and maintaining its house there-
on. It was further ordered that $50 damag-
es be allowed the plaintiff as the value of
the property so condemned. It is shown that

appellant was the owner of the land sued for and sought to be condemned; that the value of the strip involved is $50; that the Texas Utilities Company acquired by purchase since the institution of the suit all of the physical property and franchises of the Malone Light & Ice Company; that the franchises so acquired granted the right to construct and operate and maintain, over, along, and across all streets, alleys, and public highways of the city of Plainview, in accordance with all reasonable ordinances of the city then in force and thereafter to be passed by the city council, an electric light and power plant; that the original company had acquired a site for its plant, wells, pumping station, ice factory, a block of land in the Wye addition, lying immediately west of the land sued for; that C. A. Malone, as manager of the Malone Light & Ice Company, by mistake as to the true location of the dividing line between the two properties, constructed the icehouse of his company so that it extends about 6.4 feet at its south end and about 8 feet at its north end, over on the appellant's right of way and station grounds; that such building is of such construction that it cannot be moved without practically destroying it; that a strip 9 feet wide off of the west end of plaintiff's land would take all of the ground on which the house is located, and where two poles stand, and where it is desired to place two other poles; that intervener is seeking to condemn such strip for placing more poles and wires, and for the purpose of egress and ingress; that the principal business and residence part of Plainview are on the opposite side of the railway company's right of way from defendant's plant, so that the most direct line for poles and wires from the plant as situated would be south along the strip of land, and the dividing line between plaintiff's and defendant's properties.

[1] The first assignment of error assails the jurisdiction of the district court to determine appellee's right to condemn the property, insisting that it is a question wholly cognizable in the county court. Art. 6531, Vernon's Sayles' Civil Statutes, provides that when any railroad company is sued for any property occupied by it for railroad purposes, or for damages thereto, the court in which such suit is pending may determine all matters in dispute, including the condemnation of the property, upon cross-bill asking such remedy by defendant. Chapter 21A, Vernon's Sayles' Civil Statutes, providing for the incorporation of gas, electric current, and power companies in this state, grants to such companies, by article 1283c, the power to construct, maintain, and operate such plants, and to own, hold, and use such lands, rights of way, easements, buildings, and structures as may be necessary for its corporate purposes. It is provided by article 1283d of the same chapter that such a corporation may enter upon, condemn, and appropriate the lands, rights of way, easements, and property of any person or corporation, and that the manner and method of such condemnation shall be the same as is provided by law, in the case of railroads. It is clear from the articles of the statute mentioned that the district court had jurisdiction to condemn the property upon appellee's cross-bill.

[2] Vernon's Sayles' Civil Statutes, art. 1121, § 73, permits the creation of private corporations in this state so as to include two or more of the following purposes, viz.: The supply of water and ice to the public, and the generation of and supply of electric lights and motor power to the public. Appellant insists that no necessity for taking its land is shown, and that the only reason assigned by the appellee for such taking is that it made a mistake in locating the boundary of its lot, and erected a part of its building on land owned by appellant. The Legislature has empowered any person or corporation to condemn land of another for the purposes mentioned above, and has, by its enactment, relieved the appellee of the burden of showing any necessity, and deprived the courts of their right to inquire into it. Croley v. St. Louis Southwestern Railway Co., 56 S. W. 615; Henderson v. Lexington, 22 L. R. A. (N. S.) 64, note. 10 R. C. L. "Eminent Domain," §§ 158, 159, in discussing the subject of necessity for the taking, uses this language:

"The Legislature, in providing for the exercise of the power of eminent domain, may directly determine the necessity for appropriating private property for a particular improvement, or public use, and it may select the exact location of the improvement. In such a case it is well settled that the utility of the proposed improvement, the extent of the public necessity for its construction, the expediency of constructing it, the suitableness of the location selected, and the consequent necessity of taking the land selected for its site, are all questions exclusively for the Legislature to determine, and the courts have no power to interfere or substitute their own views for those of the representatives of the people. Similarly, when the Legislature delegated the power of eminent domain to municipal or public service corporations, or other tribunals or bodies, and has given them discretion as to when the power is to be called into exercise and to what extent, the courts will not inquire into the necessity or propriety of the taking. The Legislature, or the party to whom the power is delegated, has the same discretion in determining what estate or interest in the required property shall be condemned, and while ordinarily only an easement is taken, if it is deemed advisable to acquire a fee, the owner cannot have the decision reversed by a court, except in a plain case of abuse. * * * The mere fact that the statute gives the corporation making the taking power to take land 'necessary' for its purposes does not, however, give the court any greater power to review the question of necessity than when the grant of power is not so limited, since the grantee of the power is the primary judge of the necessity, and the right of the court to review its decision in case of bad faith or abuse is the same in either case."

It does not appear that the condemnation of a strip of land 9 feet wide and the length of appellee's building will destroy the right of way or its use to the railway company,

nor, indeed, that it will seriously impair that right.

We will not undertake to discuss the many assignments in detail; analyzed, they present, in different forms, the questions decided. The assignments are therefore all overruled, and the judgment is affirmed.