**HRANICKY et al. v. TROJANOWSKY.**

**No. 11121.**

Court of Civil Appeals of Texas. Galveston.

June 26, 1941.

Rehearing Denied July 24, 1941.

Thomas R. Cox and Arthur H. Van Slyke, both of Richmond, for appellants.

McFarlane & Dillard, of Houston, for appellee.

CODY, Justice.

This is an automobile collision case arising out of an accident which occurred on a state highway in Fort Bend County in August of 1937. Appellee was plaintiff below and alleged specific acts of negligence on the part of defendants; that, if the defendants were not all co-partners, the defendant Raymond Hranicky was at the time of the collision engaged as the servant or employee of defendants Rudolph Hranicky and Frank Liberda in hauling cotton-seed from the premises of the Wallis Gin Company (a co-partnership composed of said defendants Rudolph Hranicky and Frank Liberda) to the Fidelity Products Company in Houston, Texas.

The answer of defendants properly denied partnership of Rudolph Hranicky and Frank Liberda with Raymond Hranicky and denied the employment by them of the defendant Raymond Hranicky in the hauling of said cotton-seed, and alleged that plaintiff's (i. e., appellee's) injuries were due to his contributory negligence in operating his automobile at the time of the collision.

The issues made by the pleadings of the parties are sufficiently reflected by the special issues submitted to the jury. The substance of the special issues submitted to the jury and the answers thereto are as follows:

1A. That there was a collision between a motor truck driven by defendant, Raymond Hranicky, and plaintiff's automobile on the night of August 23, 1937.

1. That defendant Rudolph Hranicky employed the defendant Raymond Hranicky, together with his truck, to haul for the Wallis Gin Company a load of cotton-seed from the premises of said Gin Company at Wallis, Texas, to the Fidelity Products Company at Houston, Texas.

2. That at the time and place of the collision, the defendant Raymond Hranicky was then in the act of hauling with his truck for the Wallis Gin Company the load of cotton-seed which he had then there been employed to haul.

3. That said defendant was driving his truck at a rate of speed in excess of 25 miles per hour.

4. That the driving of such truck at such rate of speed was a proximate cause of the damages sustained by plaintiff.

5. That defendant Raymond Hranicky, immediately prior to the collision, drove his truck on his left-hand side of the highway at the time when same was not clear and unobstructed for a distance of at least 50 yards ahead.

6, and 7. That such driving was negligence and was a proximate cause of the collision.

8, 9, and 10. That said defendant failed to yield to plaintiff as nearly as possible half of the highway, and this was negligence, and was a proximate cause of the damages to plaintiff.

11, 12, and 13. That said defendant then and there failed to have his truck under reasonable control, and this was negligence, and was a proximate cause of the collision.

14, 15, and 16. That said defendant in the operation of his truck on the highway at the time of the collision and immediately prior thereto, failed to keep a reasonable lookout for other cars passing along said highway, that this was negligence, and was a proximate cause of the damages sustained by plaintiff.

17, 18, and 19. That said defendant at the time of the collision was operating his motor truck on a public highway of this state at such a rate of speed as to endanger the life and limb of persons, and the safety to property then upon said highway, that the same was negligence, and was a proximate cause of the damages sustained by plaintiff.

Special issues Nos. 20 and 20A, and the jury's answers thereto, are here copied verbatim:

"Special Issue No. 20. What sum of money, if any, do you find from a preponderance of the evidence, if paid now in cash would compensate the plaintiff for such reasonable and necessary doctor charges, if any, as he has necessarily incurred in the treatment of his injuries, if any, directly and proximately resulting from the collision in question, if any?

"Answer by stating the amount, if any, in dollars and cents, not to exceed $208.22."

To which the jury answered: "$208.00".

"Special Issue No. 20A. What sum of money, if any, do you find from a preponderance of the evidence, if paid now in cash would compensate the plaintiff for such reasonable and necessary hospital charges, if any, as he has necessarily incurred in the treatment of his injuries, if any, directly and proximately resulting from the collision in question, if any?

"Answer by stating the amount, if any, in dollars and cents, not to exceed $186.00."

To which the jury answered: "$186.00".

20B. That plaintiff suffered personal damages in the sum of $1,606.

21. That the collision was not the result of an unavoidable accident.

22. That plaintiff was not extending his arm from the window of his sedan at the time of the collision.

25. That plaintiff was not then operating his automobile with only his right arm on the steering wheel.

The defendants moved to have the verdict set aside which the court overruled, and the court rendered judgment for plaintiff upon the verdict.

Appellants' first complaint is that they were not allowed sufficient time by the court to prepare their exceptions to the court's charge. This complaint relates to certain redrafted issues submitted as a part of the court's charge. The bill of exceptions in which appellants reserved this complaint is qualified by the court. And from this qualification it appears that the special issues were submitted to counsel at 10 o'clock in the morning of March 28, 1940. Appellants' counsel worked reserving exceptions to the court's charge, using the court reporter in such work, until 4 o'clock P.M. the same day, at which time the court excused the jury until next

day allowing appellants additional time to make their exceptions. At 9 o'clock the following morning appellants submitted their exceptions, consisting of many pages, to the court, and the court then amended his charge in certain respects to meet appellants' exceptions. Appellants were then granted time to except to the charge as amended. Appellants then submitted additional exceptions to the court at 9:50 A.M., and announced to the court they would rely on their exceptions and not request the submission of two special issues which they had theretofore submitted. The court thereupon called the court reporter and dictated the two issues, with the companion issues of negligence and proximate cause as theretofore submitted by appellants. When these two issues had been typed the court handed them to appellants' leading counsel and suggested to him, in the presence of and with the consent of appellee's attorney, that these issues were substantially as originally submitted by appellants, that so much time had been consumed on the exceptions to the charge, and that it then being near noon, in order to get the case to the jury appellants' counsel could prepare his exceptions to such redrafted issues if he had any, after argument to the jury, and consider them as filed before the charge was read to the jury. Appellants' said leading counsel acquiesced, making no objection or exceptions and filed no exception to said redrafted issues—which two issues were the only ones covered by this understanding, all others having been acted on by the court.

It is evident from the court's qualification to appellants' bill of exception that he and appellee's counsel understood that appellants acquiesced in the submission of these redrafted issues. They were defensive issues, and were in substance issues which appellants had submitted and were in their nature beneficial to appellants. Appellants rely on Western Indemnity Company v. Toennis, Tex.Civ.App., 250 S.W. 1098, 1103, as authority requiring us to hold that the court committed reversible error. In that case the court uses the following language:

"The bill of exceptions does not show that the trial court refused to allow counsel the right to inspect the charge, but affirmatively shows that this right was waived.

"The bill shows that counsel for appellant was furnished with a copy of the charge before the trial concluded, and, not having called this exception to the court's attention before the charge was read to the jury, under the agreement he had with the court, the duty rested on him to call the court's attention to the omission at a time when it could have been corrected. By failing to do this at the earliest moment, he waived any right to present it, under the agreement he had with the court.

"Articles 1970 and 1971, Texas Complete Statutes [Vernon's Ann.Civ.St. arts. 2184, 2185, 2187], providing that the trial court shall submit his charge to counsel for their inspection before reading it to the jury, are highly remedial in their nature, and neither the trial court nor counsel can waive their provisions. When, as in this case, it is made to appear, by a bill of exceptions or otherwise, that counsel have waived their right to inspect the court's charge, it must be held that all errors in the charge not called to the attention of the court are waived."

The quoted language is authority against appellants' contention. Appellants' counsel had heard the two redrafted issues dictated. They were substantially as he had formerly submitted them. In these circumstances he could gain no more knowledge as to their meaning by inspecting them than he already had, as he himself had offered them in substance to the court. It was therefore consistent that he would not care to inspect them. "* * * When, as in this case, it is made to appear, by bill of exceptions or otherwise, that counsel have waived their right to inspect the court's charge, it must be held that all errors in the charge not called to the attention of the court are waived." The two special issues which, technically speaking, the court did not submit to appellants' counsel for inspection before reading them to the jury, were for their benefit, and their content was as well known to appellants before the charge was read to the jury as if they had been looked at instead of listened to. It is not contended that there was any error in the issues, or any harm done to appellants. It is appellants' position that, after they have had the benefit of the submission of these defensive issues to the jury, merely because said issues were not, after being redrafted, placed before their eyes, they can have a new trial at which they would no doubt desire these redrafted issues again submitted. We overrule appellant's assignment.

■ Appellants complain that under force of R.S., Article 2185, the court com-

653

mitted error by inserting in the issue covering hospital expenses the amount of "$186.-00", and by inserting in the issue covering medical expenses the amount of "$208.22", blank spaces having been left in the special issues at the time the same were drafted. The court's qualification to appellants' bill of exceptions relating to the latter complained of makes it appear that the charge as prepared left blank spaces which were to be filled in, by agreement of counsel, when the proper amounts were ascertained from the court reporter. (There was no contest about the correct amounts). Before reading the charge to the jury the court noticed that the blank spaces referred to had not been filled in, and called appellee's attorney's attention to the fact that said spaces were still blank, whereupon said attorney filled in said spaces properly, with the correct sums about which there was no dispute. Then, after the charge was read to the jury and appellee's counsel had begun his opening argument to the jury, appellant's counsel called attention to the fact that the blanks had not been filled in in his copy. The court, rather than recall the charge from the jury and take time to have appellants' counsel except to the inclusion of the amounts, decided that such inclusion could not harm appellants as there was no dispute as to the correctness of said amounts and they stood as undisputed facts.

We overrule appellants' assignment. They knew that these blank spaces were left in the court's charge to be filled in by the court when the correct amounts were determined. No claim is made that the amounts filled in the blank spaces were not correct. The objection is that said amounts were not filled in in appellants' copy of the charge in order to afford them an opportunity to except. There is no merit to this contention. It was not contemplated under the understanding of the parties that appellants would object to the blank spaces being filled in with the correct amounts for which they were left. And since there was no dispute as to the correct amounts they presented no jury question anyway.

■■■ Appellants further complain at the court having permitted these blank spaces to be filled in as being a comment upon the weight of the evidence. It may be said to go further than merely charging upon the weight of the evidence, and to constitute an assumption of fact. But even so, this would not constitute reversible error, as assumption of undisputed facts is per-

mitted. Traders' & General Ins. Co. v. Line, Tex.Civ.App., 70 S.W.2d 787. And as pointed out in the next preceding paragraph, appellants could not be injured by finding as a fact, a fact which was not controverted. This assignment is therefore overruled.

■■■ Appellants complain that the court denied their motion for an instructed verdict in behalf of Frank Liberda and Rudolph Hranicky, composing the Wallis Gin Company, because, appellants say, there was no evidence connecting them with their co-defendant, Raymond Hranicky, either as his employers or his principal. We overrule this assignment. There was sufficient evidence to sustain a finding of the employment by Wallis Gin Company of Raymond Hranicky to haul the seed on the occasion in question, and that he was acting in such employment at the time of the collision in question. "Under a long settled rule of procedure, as against the contention that a finding of fact by the jury is without sufficient support in the evidence, the testimony in support of the verdict must be weighed to the exclusion of any evidence of a contrary import, and if the same reasonably tends to support the finding that challenge of the finding will be overruled." Texas Ind. Co. v. Staggs, Tex.Civ.App., 138 S.W.2d 174, 178. And in the case of Younger Bros., Inc. v. Moore, Tex.Civ. App., 135 S.W.2d 780, 783, the question of master and servant was before the court in a collision case, and this issue was submitted, "Do you find from a preponderance of the evidence that at the time and place of the collision the driver of defendant's truck was performing acts which he had been employed by the defendant to do?" and it was held, "We think this issue substantially submits the ultimate issue in the case. If at the very time of the collision Koen was performing the work he was employed to do by his master he was the servant of his master and as such subject to his control." In this case the court submitted the issue, "Do you find from a preponderance of the evidence that on or about the date of the collision in question, if any, the defendant Rudolph Hranicky employed the defendant, Raymond Hranicky, together with his truck to haul from the Wallis Gin Company at Wallis, Texas, to the Fidelity Products Company at Houston, Texas?" Since there was sufficient evidence to support the jury's affirmative answer to this question, it would certainly have been error for the

court to instruct a verdict in favor of the members composing the co-partnership, "Wallis Gin Company". The affirmative answer to this issue charged the Wallis Gin Company with the liability of an employer in relation to the acts of Raymond Hranicky done within the scope of his employment.

■ We have considered appellants' assignment of error to the admission in evidence of the answers of W. M. Hivey, Jr., a bookkeeper of the Fidelity Products Company, to questions submitted to him by deposition. These questions and answers related to a collateral matter. It was not necessary therefore that the best evidence rule be complied with. Crawford v. Ramsey, Tex.Civ.App., 73 S.W.2d 1064. The assignment is overruled.

■ Appellee testified that he did not extend his left arm from the window of his sedan while he was driving on the occasion in question, but that when the truck hit his sedan, the back end of his car was thrown around so as to make his elbow stick out of the window and it was then that the other car hit it. No authority is necessary to show that a jury question was presented by this evidence, and it would have been error for the court to have found appellee guilty of contributory negligence as a matter of law.

■ The motion for continuance filed by appellants because of the absence of defendant Raymond Hranicky was not verified, and was not in conformity with R.S., Articles 2167 and 2168, it did not state the materiality of his testimony or that diligence had been used to procure him, and no proof was offered in connection therewith. This was the second continuance sought because of the absence of said witness. Also his deposition had been taken and was used by appellants during the trial. In City of Wichita Falls v. Lipscomb, Tex.Civ.App., 50 S.W.2d 867, 869, the court held: "The motion [for continuance] was not verified and was not in compliance with the requirements of articles 2167 and 2168, Rev.Civ. Statutes, and therefore the second ground of the motion just granted can form no basis for complaint." Appellants' assignment based upon the court's refusal of said motion for continuance is overruled.

We have considered appellants' propositions Nos. 9 to 13, inclusive. They relate to the court's charge or matters connected therewith, and to the failure of the court to instruct a verdict for appellants, Frank Liberda and Rudolph Hranicky. They are overruled as being without merit, and we believe no good purpose would be served in further extending this overlong opinion.

There being no reversible error, the judgment of the trial court should be in all things affirmed. It will be so ordered.

Affirmed.