MERCANTILE MORTGAGE CO., et al., Appellant,

v.

UNIVERSITY HOMES, INC., et al., Appellee.

No. B14–82–885CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1983.

Rehearing Denied Dec. 8, 1983.

Jack C. Ogg, Sowell, Ogg & Hinton, Houston, for appellants.

Mark D. Davidson, Houston, W.R. Malone, Huntsville, for appellees.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

In this appeal appellants attack the order of the trial court overruling their plea of privilege on three grounds: (1) the authority of one of the appellees to bring suit; (2) the failure of the petition to state a cause of action; and (3) the lack of evidence to prove fraud. We affirm.

In their first point of error appellants contend the trial court erred in overruling the plea of privilege as to the suit filed by University Homes because its corporate charter to do business in this state had been suspended and it had therefore forfeited its right to bring suit. This suit was filed on May 30, 1980 and testimony established that as of March 31, 1982, the corporate privileges of University Homes had been suspended. So far as the record is concerned, however, this contention was never urged in the trial court by a plea in abatement or otherwise. Appellees contend this issue is therefore waived and cannot be raised for the first time on appeal. Appellants, on the other hand, advance two arguments in support of their contention. First, they argue they could not file a. plea in abatement for to do so "would have waived their venue rights," citing *Dossey v. Oehler,*

359 S.W.2d 624 (Tex.Civ.App.—Eastland, 1962, writ ref'd n.r.e.). Secondly, they argue that since appellees failed to object to evidence presented at the venue hearing concerning corporate status, the issue was tried by consent. We reject both arguments. Tex.R.Civ.P. 93(b), (g) require a pleading alleging lack of capacity to sue or that a "party alleged in any pleading to be a corporation is not a corporation as alleged" to be under oath. While Tex.R.Civ.P. 84 permits a defendant "in his answer" .to plead "as many several matters . . . . as he may think necessary," and permits the court to hear such pleas "in such order as may be directed by the court," it excepts therefrom special appearances and pleas of privilege. This does not mean, however, that the defendant is excused from filing its pleading setting forth the lack of capacity to sue. In fact, we read Tex.R.Civ.P. 86 to specifically recognize the incorporation of such grounds for a plea in abatement in the plea of privilege with the following language:

> When a plea of privilege is filed in accordance with this rule, it shall be prima facie proof of the defendant's right to change of venue; provided that such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 *unless specifically alleged in such plea.* (emphasis added).

Appellees' petition alleged that University Homes was a corporation, and Tex.R.Civ.P. 52 requires this allegation to be taken as true "unless denied by the affidavit of the adverse party." Appellants failed to object pursuant to the above procedure and thus waived their right to contest the corporate status of University Homes. Even if we assume the issue of the status of University Homes was tried by consent, we do not agree that appellants are entitled to the relief here sought. As the record before us shows, appellants have never sought nor are they now seeking a dismissal of the cause of action on the basis of lack of capacity to sue. Rather, appellants are seeking a change of venue pursuant to their plea of priv-

ilege. Therefore, consistent with its position that University Homes had no standing to sue, appellants are relegated to a plea in abatement or motion to dismiss *Wright v. Ewens Chevrolet-Pontiac-Buick Co., Inc.,* 481 S.W.2d 447 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd. n.r.e.), rather than a change of venue. Point of error number one is overruled.

In their second point of error, appellants contend the denial of the plea of privilege was not justified on the basis of the venue provision of the Deceptive Trade Practices Act (DTPA) because a cause of action under same was not alleged. We interpret appellants' argument in support of this point to be that as a matter of law appellees' pleadings disqualified them from being "consumers" because the two requirements of *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 539 (Tex.1981), were not met, namely, (1) the person must have sought or acquired "goods" or "services" by purchase or lease and (2) the "goods" or "services" purchased or leased must form the basis of the complaint. As to the first requirement, appellants rely upon *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169 (Tex. 1980), for the proposition that money is not a "good" and the lender thereof does not provide a "service" under the DTPA. As to the second requirement, appellants reason that the pleadings show appellees' "damages arose from the failure of appellants to loan them money" and therefore "any alleged deceptive trade practice relating to loan package brokering does not form the basis of appellees' complaint." We do not agree. Appellees' first amended petition alleged that appellants were persons engaged in offering services of providing "expertise in obtaining and expediting Federal National Mortgage Association (FNMA) approval of loan packages in arranging of permanent financing in the form of permanent real estate loans" and that in so doing appellants "acted as a mere conduit for the placement of loans, and their services or area of endeavor consisted principally in obtaining FNMA approval for loan packages." It was alleged that appellants represented themselves to be qualified FNMA underwriters and that all loan commitments would be approved by FNMA, despite any indications in the commitments that they were authorized by FNMA to give preliminary approval of all such loans. It was alleged that appellants would approve only loans which met FNMA criteria; that prior approval of all loan commitments made by appellants was already obtained by them from FNMA, and that appellants offered to provide loan commitments to appellees "for permanent financing of certain structures contemplated to be built and sold by [appellees] in Brazos County, Texas, such loan commitments to be issued to [appellees] in consideration of a fee to be paid [appellants] by [appellees], as hereunder set out." It was then alleged that such representations as to loan commitments were false, known to be false when made, and that in reliance thereon "stand-by fees" totalling some $6,620.00 were paid by appellees to appellants in return for some six loan commitments of $64,000 each for permanent financing on certain apartment units. Further allegations were to the effect that relying upon such loan commitments, appellees obtained interim financing, constructed the apartment units and thereby incurred interest debts totalling some $95,000. When purchasers of the units were obtained, appellees notified appellants who represented "closings were imminent and could be held within a week to ten days." According to the allegations, representations concerning the closings continued to be made by appellants for several months until finally appellants notified appellees that "FNMA had rejected the loans, because of commercial influence in the areas." While other allegations are made, we consider these sufficient to address appellants' contentions.

Appellees rely upon *Lubbock Mortgage & Inv. Co., Inc. v. Thomas,* 626 S.W.2d 611 (Tex.App.—El Paso 1981, no writ) for the exception to the rule established by *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169 (Tex.1980), that brokers of loans, unlike lenders, are subject to the provisions of the DTPA. We agree with their position and

follow the reasoning of the El Paso court in holding that goods or services sought or purchased by appellees from appellants formed the basis of the complaint as required by *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535 (Tex.1981). Accordingly, since appellees' amended petition alleged a cause of action under the DTPA, the trial court correctly overruled the plea of privilege. Appellants' second point of error is overruled.

In their third point of error, appellants contend the court erred in overruling the plea of privilege "on the basis of the occurrence of fraud, in that there was no evidence to show any fraudulent intent by either of the appellants." In addition to appellees' petition alleging a cause of action under DTPA (as discussed above), it also alleged alternatively a cause of action for common law fraud. And, based upon this allegation, in the controverting plea appellees asserted TEX.REV.CIV.STAT.ANN. art. 1995 § 7 (Vernon 1964) as an exception to exclusive venue in the county of the defendants' residence. While evidence was submitted to the court in the plea of privilege hearing concerning fraud, we find it unnecessary to discuss it or appellants' third point of error since we have already determined that the trial court did not err in overruling the plea of privilege based upon the special venue statute governing actions under the Deceptive Trade Practices Act. If venue is properly maintained as to one cause of action, it must be maintained as to all properly joined causes of action. *Parkhill Produce Company v. Pecos Valley Southern Railway Company*, 348 S.W.2d 208 (Tex.Civ.App.—San Antonio), writ ref'd n.r.e. per curiam, 352 S.W.2d 723 (Tex.1961). Appellants' third point of error is overruled.

The judgment is affirmed.