In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00171-CV


______________________________




SAMUEL J. COFFIN, INDIVIDUALLY, Appellant



V.



FINNEGAN'S, INC., D/B/A WHOLESALE TIRE, Appellee




 


On Appeal from the 76th Judicial District Court


Titus County, Texas


Trial Court No. 28,755




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Samuel J. Coffin, Individually, appeals the judgment of the trial court, pursuant to a bench
trial, awarding damages of $5,786.90, attorney's fees in the amount of $1,375.00, court costs, and
interest to Finnegan's, Inc., d/b/a Wholesale Tire. The dispute concerns the responsibility of payment
for tires and other trailer products sold by Finnegan's, Inc., to Sam's Trailers, Inc.

 Coffin raises four issues on appeal: (1) the evidence was legally and factually insufficient
to support the court's findings of fact, (2) the trial court's findings of fact and conclusions of law
failed to conform to the pleadings, (3) the evidence is legally and factually insufficient to support the
trial court's finding that Coffin purchased and accepted delivery of the product in question, and
(4) the evidence was legally and factually insufficient to support the trial court's finding that Eddie
Evans was the agent for Coffin. 

 In July 1999, Finnegan's, Inc., and Sam's Trailers, Inc., contracted for the sale and delivery
of tires and other products for trailer manufacture. Finnegan's delivered tires to Sam's Trailers, Inc.,
and produced bills of lading signed by employees of Sam's Trailers, Inc. Finnegan's filed a suit on
a sworn account on July 7, 2000, against Samuel J. Coffin, individually, and Eddie Evans,
individually. 

 Finnegan's was in the business of supplying products involved in trailer manufacturing. 
Finnegan's had done business with Sam's Trailers, Inc., since 1995. Coffin began manufacturing
trailers in 1976. Coffin testified he had incorporated in 1981 and maintained his corporate status
until he sold the company in 1998. Coffin testified he sold his "stock" to Evans in 1998 and had no
further involvement with the company after that time. Evans testified he had purchased Coffin's
"stock" in Sam's Trailers, Inc., and made payments on the purchase price until the company ceased
operating in 2000. (1) 

 Coffin's first amended answer included a general denial and a verified plea that he was not
liable in the capacity in which he was sued. At the trial, Evans appeared as a witness for the defense. 
Since Evans had not been served before the day of trial, the court postponed proceedings against him
at that time. Later, Finnegan's nonsuited Evans. The trial court entered its judgment on
September 13, 2001, and issued findings of fact and conclusions of law on October 23, 2001. In its
findings of fact, the trial court found Finnegan's sold Coffin the goods in the ordinary course of
business, Coffin accepted the said goods, Coffin defaulted in making payment on the account, Coffin
was operating Sam's Trailers, Inc., as a sole proprietorship at the time of the transaction, Evans was
acting as Coffin's agent, and Coffin at no time provided Finnegan's with notice of incorporation or
notice of the sale of the business. 

 Coffin argues that the evidence is legally and factually insufficient to support the judgment
and findings of fact and conclusions of law. Specifically, he argues there is insufficient evidence to
support a finding that Coffin operated Sam's Trailers, Inc., as a sole proprietorship, that Coffin
purchased and accepted the goods, and that Evans was Coffin's agent.

 A trial court's findings of fact are reviewable by the same standards as a jury's verdict on jury
questions. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). An appellate court reviews the
trial court's findings of fact for factual and legal sufficiency of the evidence. Nelkin v. Panzer, 833
S.W.2d 267, 268 (Tex. App.-Houston [1st Dist.] 1992, writ dism'd w.o.j.). An appellate court
reviews the conclusions of law drawn from the facts to determine their correctness. Ashcraft v.
Lookadoo, 952 S.W.2d 907, 910 (Tex. App.-Dallas 1997), pet. denied per curiam, 977 S.W.2d 562
(Tex. 1998).

 The evidence is legally insufficient when (a) there is a complete absence of evidence of a
vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than
a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. Uniroyal
Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998). More than a scintilla of evidence
exists when the evidence supporting the finding, as a whole, rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions. Id. at 340; Burroughs Wellcome
Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). When deciding a no-evidence point, we must
consider all of the evidence in the light most favorable to the party in whose favor the verdict has
been rendered. Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).

 If we find some probative evidence, we will test the factual sufficiency of that evidence by
examining the entire record to determine whether the finding is clearly wrong and unjust. When
considering a factual sufficiency challenge to a jury's verdict, courts of appeals must consider and
weigh all of the evidence, not just that evidence which supports the verdict. Mar. Overseas Corp.
v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998). Courts of appeals can set aside the verdict only if it is
so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. 
Id.; Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). Courts of appeals are not fact-finders. 
Accordingly, courts of appeals may not pass on the witnesses' credibility or substitute its judgment
for that of the fact-finder, even if the evidence would clearly support a different result. Ellis, 971
S.W.2d at 407. We do not pass on the credibility of the witnesses, and we do not substitute our
opinion for the trier of fact, even if there is conflicting evidence on which a different conclusion
could be supported. Clancy v. Zale Corp., 705 S.W.2d 820, 826 (Tex. App.-Dallas 1986, writ ref'd
n.r.e.).

 Coffin contends that, because Sam's Trailers, Inc., was a corporation, he cannot be held
personally liable for its debts. A denial of liability in the capacity in which one is being sued requires
a verified plea under Rule 93. Tex. R. Civ. P. 93. Coffin filed a verified plea denying liability in
the capacity sued and alleging that Sam's Trailers, Inc., is a corporation. Under Rules 93(6) and 52,
Finnegan's was then required to file a verified affidavit denying the existence of a corporation. See
Tex. R. Civ. P. 93(6), 52. Finnegan's failed to deny the allegation that Sam's Trailers, Inc., was a
corporation in a verified affidavit. Although Coffin would have the burden to prove a corporation
if the issue were disputed, (2) Rule 52 requires the "allegation that a corporation is incorporated shall
be taken as true, unless denied by the affidavit of the adverse party . . . ." See Tex. R. Civ. P. 52. 
The failure to deny under oath dispenses with the necessity to prove the existence of said
corporation. Ginther-Davis Constr. Co. v. Bryant-Curington, Inc., 614 S.W.2d 923, 925 (Tex.
App.-Waco 1981, no writ); Galleria Bank v. Southwest Props., Inc., 498 S.W.2d 5, 7 (Tex. Civ.
App.-Houston [1st Dist.] 1973, no writ).

 We also do not believe that Coffin allowed to be tried by consent the issue of whether Sam's
Trailers, Inc., was a corporation. In dicta, the Houston Court of Appeals indicated that whether a
business is deemed a corporation under Rule 52 may be tried by consent. Mercantile Mortgage Co.
v. Univ. Homes, Inc., 663 S.W.2d 45, 46 (Tex. App.-Houston [14th Dist.] 1983, no writ). 
Regardless of whether Rule 52 can be waived by allowing the issue to be tried by consent, Coffin
did not allow the issue to be tried by consent. Finnegan's did not introduce any evidence
contradicting the claim that Sam's Trailers, Inc., was a corporation. Therefore, Coffin was not
presented with any contrary evidence providing an opportunity to object pursuant to Rule 52. The
only evidence introduced concerning the issue of the incorporation of Sam's Trailers, Inc., was
introduced by Coffin. Although Coffin did not present into evidence a certificate of incorporation, (3)
Coffin presented evidence of the corporation through other means. The introduction of evidence
supporting a fact which has been deemed to be true does not place that fact in dispute. (4) In Bradford,
a certificate of incorporation was introduced into evidence, yet the court still held the corporation
was deemed to exist pursuant to Rule 52. Bradford v. Magnolia Pipe Line Co., 262 S.W.2d 242, 245
(Tex. Civ. App.-Eastland 1953, no writ). 

 The trial court held in its findings of fact and conclusions of law that Coffin was operating
the business as a sole proprietorship at the relevant time. There was no evidence introduced at trial
Coffin was operating the business as a sole proprietorship. As discussed, Sam's Trailers, Inc., is
deemed a corporation and the only evidence concerning the organization of the business was
consistent with a corporation. Such evidence includes the 103 checks from 1995 to 2000 to
Finnegan's bearing the name of "Sam's Trailers, Inc.;" corporate tax returns from 1981, 1982, and
1983; and Finnegan's resale certificate which listed his company as "Sam's Trailers, Inc.," instead
of Samuel Coffin. Coffin and his secretary, Debra Crawford, testified that "Sam's Trailers, Inc.," was
a corporation. This evidence is all consistent with a corporation and does not indicate a sole
proprietorship. Further, Finnegan's does not argue that the trial court pierced the corporate veil. 
Therefore, the evidence is legally and factually insufficient to support the trial court's judgment.

 The only remaining possibility to reconcile the trial court's judgment with the protection
granted by a corporation is if Evans was acting as Coffin's personal agent rather than as the
corporation's agent.

 Coffin contends there is insufficient evidence to support a finding that Evans was acting as
his personal agent. Agency requires there be a meeting of the minds between the parties to establish
the relationship and some act constituting the appointment of the agent. Lone Star Partners v.
Nationsbank Corp., 893 S.W.2d 593, 599-00 (Tex. App.-Texarkana 1994, writ denied). An agency
relationship is generally created by an express or implied contract, or by operation of law. City of
Houston v. First City, 827 S.W.2d 462, 473 (Tex. App.-Houston [1st Dist.] 1992, writ denied) (an
implied contract arises when the parties' course of conduct indicates there was a mutual intent to
contract); Green v. Hannon, 369 S.W.2d 853, 856 (Tex. Civ. App.-Texarkana 1963, writ ref'd n.r.e.). 
While there was evidence Evans had been an agent of Sam's Trailers, Inc., Finnegan's introduced no
evidence of an express or implied contract appointing Evans as a personal agent of Coffin. David
Harbour, president of Finnegan's, testified at trial he had operated under the belief Coffin was
personally liable for the debts of Sam's Trailers, Inc. This evidence is no more than a scintilla of
evidence Evans was ever a personal agent for Coffin. 

 Finnegan's also argues that, regardless of whether Evans' authority had been revoked by the
alleged sale of the business, a principal is liable for actions of his agents if he or she does not provide
notice of the revocation of authority. (5) Since there is insufficient evidence Coffin ever appointed
Evans as his actual personal agent, there is no need to consider whether Evans could continue to bind
Coffin after his alleged actual authority had been revoked.

 In the alternative, Finnegan's argues Evans had apparent authority to act for Coffin. Agency
may also arise by estoppel, or apparent authority. Apparent authority "may arise either from a
principal knowingly permitting an agent to hold herself out as having authority or by a principal's
actions which lack such ordinary care as to clothe an agent with the indicia of authority, thus leading
a reasonably prudent person to believe that the agent has the authority she purports to exercise." 
Ames v. Great S. Bank, 672 S.W.2d 447, 450 (Tex. 1984). "[A] prerequisite to a proper finding of
apparent authority is evidence of conduct by a principal, relied upon by the party asserting apparent
authority, which would lead a reasonably prudent person to believe an agent had authority to act for
the principal." Campbell v. C.D. Payne & Geldermann Sec., 894 S.W.2d 411, 422 (Tex.
App.-Amarillo 1995, writ denied). "A court may consider only the conduct of the principal leading
a third party to believe the agent has authority in determining whether an agent has apparent
authority." Sociedad De Solaridad Soc. "El Estillero" v. J. S. McManus Produce Co., 964 S.W.2d
332, 334 (Tex. App.-Corpus Christi 1998, no pet.). Harbour testified he believed Coffin was
personally responsible for the debts of Sam's Trailers, Inc. This belief was based on his assumption
that Coffin was a sole proprietor and that Coffin never informed him that Sam's Trailers, Inc., was
a corporation. There is no evidence of any acts by Coffin to mislead Harbour that Evans was a
personal agent of Coffin rather than only an agent of Sam's Trailers, Inc. All of the bills of lading
were designated as either "Sam's" or "Sam's Trailers." All the checks issued to Finnegan's were from
"Sam's Trailers, Inc.," not Coffin's bank account. A total of 103 checks bearing the name "Sam's
Trailers, Inc.," were issued to Finnegan's from 1995 to 2000. Finnegan's resale certificate designated
the business as "Sam's Trailers" rather than Coffin. An omission, such as Coffin's alleged failure to
inform Harbour that Sam's Trailers, Inc., was a corporation, is not a sufficient affirmative act by
Coffin to establish apparent authority. We are aware that apparent authority may also arise when the
principal has knowledge of facts sufficient to put him or her on inquiry of a third party's belief in the
ostensible agency. Rourke v. Garza, 530 S.W.2d 794, 803 (Tex. 1975). There is no evidence Coffin
was ever aware Harbour believed Evans was his personal agent. Therefore, because there is no more
than a scintilla of evidence Evans was Coffin's personal agent, the evidence is insufficient to support
a judgment against Coffin.

 Lastly, Coffin contends the trial court erred in finding he accepted delivery of the said goods. 
The evidence at trial revealed the goods were accepted by employees of Sam's Trailers, Inc. As
discussed above, there is insufficient evidence Evans was the personal agent of Coffin. Harbour
admitted Coffin did not personally order the goods. Therefore, no contract was formed between
Coffin and Finnegan's. Because Finnegan's does not argue the theory of quantum meruit, whether
Coffin accepted the goods is irrelevant to his liability. Even if we assumed the acceptance of goods
is relevant, there is no evidence Coffin personally accepted the goods. 

 The trial court's decision is based on both legally and factually insufficient evidence. Rule 52
requires that Coffin's allegation that Sam's Trailers, Inc., is a corporation be taken as true in the
absence of a verified denial. There is no more than a scintilla of evidence that Coffin was operating
the business as a sole proprietorship, that Evans was acting as Coffin's agent, or that Coffin
personally accepted the goods. Therefore, the evidence is both factually and legally insufficient to
support the judgment. 

 In his remaining point of error, Coffin contends the trial court's findings of fact and
conclusions of law failed to conform to the pleadings requiring reversal. Because our examination
of the sufficiency of the evidence is dispositive of the case, we find it unnecessary to address this
issue.


 For the reasons stated above, we reverse the judgment of the trial court and render a
take-nothing judgment in favor of Coffin. 




 Jack Carter

 Justice


Date Submitted: July 11, 2003

Date Decided: July 31, 2003

1. There is some indication in the record that Sam's Trailers, Inc., declared corporate
bankruptcy. No evidence of the bankruptcy was introduced, and neither party contends the case was
preempted by the prior bankruptcy.
2. The defense that one is not liable in the capacity in which one is sued due to the existence
of a corporation is an affirmative defense which places the burden of proof on the party claiming the
defense. See Butler v. Joseph's Wine Shop, Inc., 633 S.W.2d 926, 930 (Tex. App.-Houston [14th
Dist.] 1982, writ ref'd n.r.e.); Gray v. West, 608 S.W.2d 771, 778 (Tex. App.-Amarillo 1980, writ
ref'd n.r.e.).
3. Production of a certificate of incorporation establishes prima facie evidence of the existence
of incorporation. See Tex. Bus. Corp. Act Ann. art. 9.05 (Vernon 2003). 
4. See Bradford v. Magnolia Pipe Line Co., 262 S.W.2d 242, 245 (Tex. Civ. App.-Eastland
1953, no writ) (corporation deemed despite introduction of certificate of incorporation). The
standard used by Texas courts in evaluating whether deemed admissions have been waived provides
a useful analogy to the current situation. The Texas Supreme Court has held that "a party waives the
right to rely upon an opponent's deemed admissions unless objection is made to the introduction of
evidence contrary to those admissions." Marshall v. Vise, 767 S.W.2d 699, 700 (Tex. 1989); see
Smith v. Altman, 26 S.W.3d 705, 709 (Tex. App.-Waco 2000, pet. dism'd w.o.j.).
5. We note that a sole proprietor can be held liable for purchases of goods by his or her
successor operating under the same name when he or she fails to provide notice to third parties with
whom the company had prior dealings. Scott v. Law, Union & Rock Ins. Co., 12 S.W.2d 147, 149
(Tex. Comm'n App. 1929, holding approved) (insurance company is liable for policy modified by
agent which was previously revoked); Sorenson v. Shupe Bros. Co., 517 S.W.2d 861, 866 (Tex. Civ.
App.-Amarillo 1974, no writ) (previous owner of farm is liable for purchases made by her
successor).